# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OTIS JORDAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-cv-753-SMY |
| | ) |
| WARDEN RICHARD MORGENTHALER, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Otis Jordan, an inmate of the Illinois Department of Corrections currently incarcerated at Big Muddy River Correctional Center, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his 1996 conviction in Cook County, Illinois (Doc. 1). The case is now before the Court for preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

On December 17, 1996, Jordan was convicted in Cook County Circuit Court of attempted first degree murder, aggravated vehicular hijacking, armed robbery, and aggravated discharge of a firearm. He was sentenced to 50 years imprisonment for attempted first degree murder and 45 years imprisonment for aggravated vehicular hijacking, to be served consecutively.

This is Jordan's third § 2254 Petition challenging his Cook County conviction. His first Petition was filed in 2002 and asserted seven grounds for relief. *Jordan v. Walls,* Case No. 02-cv-

2906 (N.D. Ill. Aug. 6, 2002, Doc. 21). The Court dismissed all asserted grounds as either "procedurally defaulted or non-cognizable under habeas review." *Id.*

Without seeking permission from the Seventh Circuit, Jordan then filed a second § 2254 Petition in January 2009, which was denied pursuant to 28 U.S.C. § 2244(b) for lack of jurisdiction. *Jordan v. McCann,* Case No. 09-cv-145 (N.D. Ill. Mar. 31, 2009, Doc. 12). On appeal, the Seventh Circuit denied Jordan's request to file a successive § 2254 petition, noting, "Jordan proposes arguing that the Illinois Appellate Court denied him due process by failing to correct the trial court's purported error in sentencing him to consecutive prison terms. But this proposed claim is barred under Section 2244(b) because it is not based on new evidence or a new rule of constitutional law. Jordan's request for a certificate of appealability is denied. Furthermore, we deny authorization and dismiss Jordan's application for permission to file a successive collateral attack." *Id.* (Doc. 22).

Jordan's current Petition was filed without the Seventh Circuit's permission and challenges the same Cook County conviction as his previous Petitions (Doc. 1). The Court again finds that it is without jurisdiction to entertain a successive Petition filed without the authorization of the Seventh Circuit. *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006); 28 U.S.C. § 2244(b).

A person convicted in state court is generally limited to filing one petition for writ of habeas corpus in federal court. 28 U.S.C. §2244(a). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §2244(b)(1). However, a second or successive petition may be filed asserting certain claims that have not been previously presented, but only with the permission of the court of appeals. See, 28 U.S.C. § 2244(b)(3)(A). Absent prior authorization, the district court lacks

jurisdiction to entertain a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007).

A review of the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), shows that Jordan has not sought application for authorization to file his current Petition from the Seventh Circuit. Thus, this Court is without jurisdiction to consider the Petition.

## Disposition

Petitioner Otis Jordan's § 2254 petition is **DISMISSED without prejudice**. As it is clear that this Court lacks jurisdiction to entertain the successive § 2254 petition, no reasonable jurist would find the issue debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: August 8, 2022**

**STACI M. YANDLE**
**United States District Judge**